[No. 15767.    Department One.—March 8, 1895.]

HERBERT C. TUCK, APPELLANT, *v.* THE BOARD
   OF DIRECTORS OF THE INDUSTRIAL HOME
   OF MECHANICAL TRADES FOR THE ADULT
   BLIND OF THE STATE OF CALIFORNIA ET AL.,
   RESPONDENTS.

HOME FOR ADULT BLIND—POWER OF DIRECTORS—EXPULSION OF RESIDENT
   INMATES.—In the absence of provision in the statute or by-laws upon
   the subject, the board of directors of the Home for Adult Blind, under
   its general supervisory power over the institution, has a right to sus-
   pend, dismiss, or expel resident inmates who have been guilty of dis-
   orderly conduct.

ID.—EXPULSION WITHOUT HEARING.—A resident inmate of the Home for
   Adult Blind has no such right or interest in the home that he cannot
   be deprived of its benefits without notice or hearing, in the absence of
   a statute or by-law conferring such right.

ID.—DISCRETION OF BOARD OF DIRECTORS—FINALITY OF ACTION.—The
   matter of the expulsion of inmates from the Home for Adult Blind, not
   being regulated by a statute or by-law, is left entirely within the power
   and discretion of the board of directors; and where, by order entered
   upon the minutes of the board, it appears that an inmate was guilty of
   insubordination and misconduct and was expelled therefor, the action
   of the board must be deemed final and conclusive, and there is no appeal
   to the courts from such finding of fact.

APPEAL from a judgment of the Superior Court of
Alameda County.

The facts are stated in the opinion of the court.

*Reddy, Campbell & Metson,* for Appellant.

Upon the admission of the petitioner into the home
he became a beneficiary therein. (Act of March 17,
1887, art. II, sec. 2, art. III, secs. 9–12.)    Rights granted
or created by statute are property.    (Civ. Code, sec.
655.)    The board had authority to adopt such by-laws
as were consistent with the letter, spirit, and purpose of
the statute in question and the laws of the state.    Any
rule in the nature of an *ex post facto* law or contrary to
the policy of the state would be void.    (*Pulford* v. *Fire
Department,* 31 Mich. 458.)    To deny a person an oppor-
tunity to be heard where such rights are involved as in

this case is inconsistent with natural justice and the constitution and laws of our state. (*Windsor* v. *McVeigh*, 93 U. S. 277, 278; *Ex parte Langdon*, 25 Vt. 682; Cooley's Constitutional Limitations, 5th ed. *354, 452; *Ieck* v. *Anderson*, 57 Cal. 252, 253; 40 Am. Rep. 115; *Wachtel* v. *Noah W. & O. Society*, 84 N. Y. 28; 38 Am. Rep. 478; *Otto* v. *Journeymen etc. Union*, 75 Cal. 308; 7 Am. St. Rep. 156; Bacon on Benevolent Societies and Insurance, sec. 97.) It is abhorrent to all reason to allow a forfeiture to be enforced on an alleged default without notice and a hearing or an opportunity to be heard. (*Pulford* v. *Fire Department*, 31 Mich. 458; *Bradstreet* v. *Neptune Ins. Co.*, 3 Sum. 607.) Mandamus is the proper remedy to restore the petitioner to a right expressly given by law. (Code Civ. Proc., sec. 1085; *Kennedy* v. *Board of Education*, 82 Cal. 483.)

*Attorney General W. H. H. Hart,* and *Deputy Attorney General Oregon Sanders,* for Respondents.

Mandamus will not lie to control discretion in a particular manner. (Gear's Digest, 533.) The board is obliged to admit only those "who seem to them proper." (Act of 1887, art. III, sec. 10.) It has power "to remove from the premises any inmate whose presence appears to conflict with the interests of the home." (Act of 1887, art. IV, subd. 7.) Applicants are to be admitted only "upon the presentation of the certificate" of the physician. They can appeal only to the board. (Act of 1887, art. V.)

Garoutte, J.—This is an application for a writ of mandate to compel the board of directors of the Home for Adult Blind to reinstate as an inmate thereof the petitioner, Herbert C. Tuck. It appears by his petition that he was once an inmate of the home, regularly admitted, and there remained some months; that during his sojourn at the home he led a sober and industrious life, and obeyed all the by-laws enacted by the board of directors; that to petitioner's knowledge no charge of

misconduct of any kind whatever was made against him, either in writing or orally, and that he was never informed of any charge against him prior to the introduction and adoption of the following resolution, which resolution deprived him of the benefit of the home: " *Resolved,* That Herbert Tuck be, and he is hereby, removed and expelled from this institution for insubordination and conduct prejudicial to the discipline, good order, and interest of the home." That he has asked to be reinstated, but the board of directors has denied his request.

There appears to be no provision in the statute providing for the dismissal or expulsion of intractable inmates. Neither do we find any by-law of the board of directors outlining the course to be pursued by the board in ridding the home of disreputable and intractable persons. It would certainly be the more orderly and business-like way that there should be by-laws governing the course to be pursued by the board in such cases, and also governing the inmates in their conduct and behavior in the institution. Yet such is not the case. But, even in the absence of both statute and by-law, we have no doubt that the board of directors, under its general supervisory power over the institution, has a right to suspend, dismiss, or expel resident inmates who have been guilty of disorderly and disreputable conduct.

Petitioner's complaint appears to be that he was not only expelled from the home without cause, but that he was expelled without a hearing, and thus deprived of any opportunity to make a defense to whatever charges may have been brought against him; and his counsel now claim that this course cannot be pursued, and that the expulsion was illegal, inasmuch as the petitioner, Tuck, had been legally admitted to the institution, and had become thereby entitled to its valuable privileges and benefits. Counsel asserts that by virtue of his admission in the regular course these valuable rights had attached to him, and had been so vested and fixed that he could not be deprived of them without notice and an

opportunity to defend himself. The principle of law contended for is sound, but it does not fit the case. The petitioner has no such right or interest in the home as that he cannot be deprived of its benefits without notice. The statute gives him no right to a hearing before he may be expelled, and, in the absence of such a statute, or by-law, he has no such right.

The various acts of the legislature bearing upon the home say but little as to who may be entitled to admission, and nothing as to who may be expelled. As to expulsion especially, the whole matter seems to be left entirely within the control and discretion of the board of directors. By order entered upon the minutes of the board it appears that the petitioner was guilty of insubordination and misconduct, and the action of the board must be deemed final and conclusive, as far as this court is concerned. We know of no appeal from such a finding of fact. It is further argued that the board had no power to dismiss, except upon the proof of the violation of some statute or by-law pertaining to the government of the institution. We do not deem this contention sound. It appears that petitioner was expelled for insubordination, and that is a serious offense in such an institution. Rebellious conduct upon the part of inmates, if not stamped out, is fatal to the successful life of the institution; and, even in the absence of statute or by-law covering the facts of the particular case, the board of directors are amply clothed with implied powers sufficient to deal with the offender.

For the foregoing reasons the judgment appealed from is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.